THE STATE, AMELIA WHITE, PROSECUTOR, v. JOHN C. HATHAWAY.

After a case has been tried before a justice of the peace, with a jury, and the jury, failing to agree, has been discharged, by virtue of the forty-first section of the "Act concerning the court for the trial of small causes" (*Rev., p. 547*), jurisdiction is restored to the justice's court over the cause, for all purposes, until final judgment be rendered. If either party desires a jury, he must demand it, or, failing in that, his right is waived, and the justice may proceed in due course to trial and judgment.

On *certiorari*.

Argued at June Term, 1887, before Justice KNAPP.

For the plaintiff, *John F. Hawkins* and *Frank Durand*.

For the defendant, *Samuel A. Patterson*.

KNAPP, J. This writ removes into this court the judgment of a justice of the peace of the county of Monmouth against the plaintiff in *certiorari*, in favor of the defendant.

This cause was twice tried before the justice: first with a jury summoned on the demand of the plaintiff in *certiorari*, and the jury, failing to agree, were discharged, the cause was then continued, by adjournments, until the 6th day of December, 1886, when, the parties appearing, the plaintiff moved

his case before the justice. No new jury being demanded by either party, the justice took cognizance of the cause against the defendant's objection to his jurisdiction, heard the testimony of the plaintiff's witnesses (the defendant offering none), and on their evidence rendered judgment for the plaintiff.

The ground for attacking this judgment, as assigned in the reasons presented by the plaintiff in *certiorari*, is that the justice proceeded with the trial against the protest of the defendant below, after a disagreement of a jury in a former trial of the same cause, without issuing a new *venire* and calling a new jury, such justice having no jurisdiction to hear the cause without a jury after one had failed to agree.

The only question to be considered is whether, under the state of facts set forth, the justice had jurisdiction to try the cause without a jury.

All causes made cognizable in the court for the trial of small causes may be heard and proceeded in to judgment by the justice alone, unless a jury shall be demanded of him by one or both of the parties.

The thirty-third section of the Justices' Court act makes it the right of either party in any action, after the defendant has appeared or put in his plea to such action, and before the justice has proceeded to inquire into the merits of the cause, to demand a trial by jury, and thereupon the justice is required to award his *venire* for a jury.

The forty-first section enacts that "if the jury disagree, other writs of *venire* may issue in the same cause until a verdict be obtained."

Whether or not the position of the plaintiff in *certiorari* be tenable, depends upon the effect to be given to the forty-first section of the act.

Before its adoption, as it stands in the Revision, it had been decided in this court that in a trial before a justice's court, upon a disagreement of a jury and its discharge by the justice, as no *venire de novo* was authorized by the statute, an end was put to the justice's jurisdiction to try the cause without con-

sent of the parties.  *Gulick* v. *Van Tilburgh*, 1 *Harr.* 417 ;
*Waddell* v. *Physick*, 2 *Harr.* 331.

The section was directed against this difficulty, and with
the design wholly or in part to remove it.  It does not in
terms provide for the unqualified continuance of the cause.
It undoubtedly does continue jurisdiction in the justice to
retry the cause if there be brought to his aid a new jury.  But
to say that notwithstanding this provision of law the cause
still ends unless the parties will ask or accept a jury trial, is
to suppose the legislative purpose to grant only a partial
and almost profitless measure of relief against a plain defect
in the law ; when conjecture will fail of a reason why, when
once undertaken, the remedy should not have been radical
and complete.

The evil to be remedied was that a disagreement turned the
plaintiff out of court and drove him to a new suit, with its
expense and delay.    It was in the knowledge of the law-
maker that loss of jurisdiction was because of inability in the
court to find in the law any provision for a new *venire*.   Had
that existed, it is plain that the court would have adjudged
differently in the cases cited.   This provision for a new *venire*
the legislature supplied by the enactment of this section.   It
was the appropriate remedy for the entire mischief, and at
that it was doubtless aimed.

The design of the section was to restore to the justice's
court the jurisdiction over the cause for all purposes, until
final judgment be rendered.   Either party had the right re-
served to him to demand and have a jury whenever under the
act a jury is given him.   If a party desires a jury to decide
on his facts, he must, under the act, demand it, or, failing in
that, his right is waived, and the justice may proceed in due
course to trial and judgment.

In this case the plaintiff in *certiorari* declined to ask or
have a jury for the trial of the cause.   She thereby waived
her right to that mode of trial, and no course was left to the
justice other than to hear and decide the cause himself on the
evidence presented to him.

The plaintiff presents no valid ground of complaint against the judgment rendered, and it is affirmed, with costs.